**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

RUSSIAN MEDIA GROUP, LLC,        :
      Plaintiff,              :
                                   :
v.                                :        3:03-cv-1263 (WWE)
                                   :
ECHOSTAR COMMUNICATIONS CORP.  :
AND KELLY BROADCASTING         :
SYSTEMS, INC.,                  :
      Defendants.           :

**MEMORANDUM OF DECISION ON DEFENDANTS'**
**MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR**
**LEAVE TO FILE AMENDED JURISDICTIONAL STATEMENT**

This case has been pending before the Court for more than five years.

Defendants now move for dismissal on the grounds that the Court lacks subject matter

jurisdiction.  Plaintiff, in response, has filed a request to amend the jurisdictional

statement of the amended complaint to add an additional statutory basis for federal

jurisdiction.  Now pending before the Court is defendants' Motion to Dismiss (Doc. #99)

and plaintiff's Motion for Leave to Amend Jurisdictional Statement (Doc. #116).  For the

reasons that follow, plaintiff's motion, construed as a motion to amend the complaint,

will be granted.  Should plaintiff fail to file an second amended complaint within ten

days of the filing of this ruling, defendants' motion to dismiss will then be granted.

**BACKGROUND**

For purposes of ruling on a motion to dismiss, the Court accepts all allegations of

the complaint as true.

**I.**     **Allegations in the Amended Complaint**

Plaintiff Russian Media Group, LLC ("RMG") is a limited liability company formed

pursuant to the laws of the state of Connecticut.  It owns and operates a nationwide Russian-language television service.  Defendant Echostar Communications Corp. ("Echostar") is a Delaware corporation with a principal place of business in Colorado. Kelly Broadcasting Systems, Inc. ("KBS") is a Delaware corporation with a principal place of business in New Jersey.  It is a wholly-owned subsidiary of Echostar.

Prior to 2000, SkyView World Media, LLC ("SkyView") owned and operated a Russian-language television service in the United States and Canada.  In August 1999, it filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey.[1]  During the bankruptcy proceedings, Echostar sought to acquire the assets of SkyView.  It was therefore provided access to confidential information about SkyView's services, including subscriber lists, right-of-entry agreements, programming contracts and cable system distribution agreements.  At the time, Echostar entered into an asset purchase agreement but did not, in the end, complete this purchase.

Following this failed transaction, KBS sought to acquire the assets of SkyView. From January 2000 until June 2000, KBS had managed SkyView's operations.  In about January 2001, KBS entered into an asset purchase agreement with the SkyView trustee.  As a result of its management of SkyView's operations and plan to purchase assets, KBS was provided with access to SkyView's confidential corporate information. In February 2000, Echostar purchased KBS, making it a wholly-owned subsidiary. Since that purchase, KBS promotes and markets a Russian-language television service

---

[1]     In re SkyView World Media, LLC, et. al,, Case No. 99-39228 (Bankr. D.N.J.).

on Echostar's DISH network.  After being acquired by Echostar, KBS declined to purchase SkyView's assets.

In June 2000, RMG entered into an asset purchase agreement with SkyView to purchase certain of SkyView's assets, including SkyView's exclusive right to provide Russian-language television programming to Comcast Cable Communications, Inc.  In July 2000, the Bankruptcy Court approved the RMG purchase and the purchase was consummated soon thereafter.

Plaintiff alleges that KBS was aware of the scope of SkyView's assets and contract rights, including the knowledge of SkyView's exclusive rights with regard to programming on Comcast's cable system, through its investigation of SkyView while it was considering an asset purchase.  Plaintiff claims that despite this knowledge, KBS intentionally caused Comcast to breach its contract with SkyView-RMG and interfered with those contractual rights.  Plaintiff also asserts claims against KBS under Connecticut statutory and common law.  Plaintiff further asserts claims against Echostar for misappropriation of its television signal distribution system as well as other common law claims.  Further, plaintiff asserts claims against both defendants seeking to enforce a judgment previously obtained in this Court in the matter of Russian Media Group, LLC v. TV Russian Network, Inc., Case No. 3:00-cv-1769 (WWE) ("TVR action").  Finally, plaintiff alleges that defendants have made improper use of confidential information concerning SkyView's operations based on information received when each defendant was in negotiations to purchase SkyView's assets during its bankruptcy proceeding.  This claim is asserted under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b(a).

In its Amended Complaint, RMG claimed that this Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), 1334(a) and 1367.  By its motion to amend its jurisdictional statement, plaintiff seeks to add 28 U.S.C. § 1334(b) as a basis for this Court's jurisdiction.

## II.   Case History

This action was commenced on July 23, 2003 against Echostar and Obschestvennoe Rossiyskoe Televidenie ("ORT").  Jurisdiction was based on the diversity of the parties.  In August 2003, RMG, Echostar and ORT stipulated to the dismissal of all claims against ORT and those claims against Echostar related to its actions "for offering subscriptions to or distribution television programming created or acquired by ORT."  In September 2003, the current parties further stipulated to the filing of an amended complaint which included claims against KBS.[2]  The second stipulation also provided for the dismissal of two other actions pending before this Court.  The Amended Complaint was filed on March 9, 2004.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the court must accept all

---

[2]   It should be noted that the matter of Russian Media Group, LLC v. Kelly Broadcasting Systems, Inc., Case No. 3:03-cv-1446 (CFD) – one of two actions against KBS – was removed by KBS to this Court based on KBS's representations that the action "arose under" the Bankruptcy Code related to the SkyView proceeding in New Jersey.  The basis for the removal is irrelevant to the current motions.

well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.  Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007) (applying flexible "plausibility standard" to Rule 8 pleading), cert. granted, 128 S. Ct. 2931 (2008).

Defendants seek dismissal of this action, contending (1) that diversity no longer exists in this case under 28 U.S.C. § 1332; (2) that 28 U.S.C. § 1338, which creates federal jurisdiction over certain copyright actions, does not apply here; and (3) that this is not a case "arising in," "arising under" or "related to" a bankruptcy proceeding pursuant to 28 U.S.C. § 1334, and even if it were, this Court is not the proper venue for such a case.  Plaintiff contends that this Court has jurisdiction, among other reasons, because once a court has jurisdiction over a case, it keeps that jurisdiction throughout the case.

## I.   Continuing Jurisdiction

When this action was first filed, it is undisputed that the Court had proper jurisdiction pursuant to 28 U.S.C. § 1332.  Since that time, however, ORT was dismissed while KBS was added as a party and an amended complaint was filed. There is no longer diversity between the parties.

The Supreme Court recently ruled that "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended

5

complaint to determine jurisdiction." Rockwell Int'l Corp. v. United States, 127 S. Ct. 1397, 1409 (2007). The Rockwell Int'l Court also held that the withdrawal of claims that establish jurisdiction, where the case was not removed from state court, breaks jurisdiction unless those claims are replaced by new allegations that establish federal jurisdiction. Id.

Wellness Community-National v. Wellness House, 70 F.3d 46 (7th Cir. 1995), relied on by the Supreme Court in Rockwell Int'l, is instructive here. In Wellness, the plaintiff's original complaint asserted federal question jurisdiction. Before trial, the plaintiff withdrew its federal causes of action and filed an amended complaint which contained claims based solely on state law and asserted jurisdiction on the basis of diversity of the parties. In its answer to the amended complaint and during trial, the defendant raised doubts about whether the action met the amount-in-controversy requirement. After trial, the district court stated "we likely have diversity jurisdiction" and concluded that it had supplemental jurisdiction over the case pursuant to 28 U.S.C. § 1367 based on its undisputed jurisdiction over the original complaint.

On appeal, the Seventh Circuit Court of Appeals ruled that the amended complaint controlled the determination of jurisdiction. The Court found that the district court did not have proper jurisdiction over the case because supplemental jurisdiction under 28 U.S.C. § 1367 could not grant jurisdiction over an amended complaint where there was no continuing basis for federal jurisdiction. Rather, the Court found that "once the First Amended Complaint superseded the original complaint, there was no federal claim to which these state claims could be 'supplemental.'" Wellness, 70 F.3d at 50.

6

Plaintiff's argument that once this Court has jurisdiction over this case, it continues to do so is misplaced under Rockwell Int'l and Wellness. The cases cited by plaintiff to support this contention do not involve amended complaints, but rather cases where claims were withdrawn. See Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426 (1991) (upholding continuing jurisdiction where diversity existed at time suit was filed; no amended complaint); Mizuna, Ltd. v. Crossland Fed. Sav. Bank, 90 F.3d 650 (2d Cir. 1996) (affirming jurisdiction despite district court's dismissal of claims against Federal Deposit Insurance Corp. whose presence had created federal jurisdiction under 12 U.S.C. § 1819(b)(2); no amended complaint). Because the original complaint was withdrawn in favor of the Amended Complaint, the Amended Complaint controls the determination of federal jurisdiction. Furthermore, the existence of federal jurisdiction pursuant to the original complaint or the KBS case before Judge Droney is irrelevant to whether federal jurisdiction exists now under the Amended Complaint.[3]

In light of this conclusion, plaintiff's arguments relating to any continuing jurisdiction are misplaced and the Court need not address them. Needless to say, federal jurisdiction cannot be grounded on plaintiff's claims of copyright violation (as none are asserted in the Amended Complaint).

_____

[3]       It is of no import when defendants raised this issue or that KBS acceded to federal jurisdiction in the case before Judge Droney. See, e.g., American Fire & Casualty Co. v. Finn, 341 U.S. 6, 17-18 (1951). There is no authority to "waive" these issues just because a party might have been hiding the ball. See generally C. Wright, A. Miller, & E. Cooper, 13 Federal Practice & Procedure § 3522 (1984).

7

II.     **Jurisdiction on the Basis of Enforcing Previous Court Order**

In its response to defendants' motion, plaintiff asserts that jurisdiction is alternatively proper because this Court has authority to enforce its judgment in the TVR action insofar as defendants allegedly aided and abetted TV Russian Network's ("TVR") violation of that judgment.

A defendant may be held liable for aiding and abetting another party's violations of a court's judgment if that defendant has actual notice of the judgment.  See Waffenschmidt v. Mackay, 763 F.2d 711, 714 (5th Cir. 1985) ("Nonparties ... may be subject to that court's jurisdiction if, with actual notice of the court's order, they actively aid and abet a party in violating that order."); see also S.E.C. v. Homa, 514 F.3d 661, 674 (7th Cir. 2008) ("[A]n injunction binds not only the parties to the injunction but also nonparties who act with the named party."); Fed. R. Civ. P. 65(d)(2)(C) (injunction binds nonparties who are "in active concert or participation" with parties and have received "actual notice" of the order).

A court retains jurisdiction to enforce its own judgment against a defendant. Where, on the other hand, the plaintiff seeks to have the court enforce its judgment against a third party on a distinct legal theory, there must be some independent grounds for federal jurisdiction.  See Peacock v. Thomas, 516 U.S. 349, 357 (1996) ("We have never authorized the exercise of ancillary jurisdiction in a subsequent lawsuit to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment."); Epperson v. Entertainment Express, Inc., 242 F.3d 100 (2d Cir. 2001).  Both Peacock and Epperson involved a plaintiff's attempts to enforce a monetary judgment against a third party based its relationship with the defendant

8

against whom judgment was granted.  In both instances, the cases were dismissed

because there were no independent grounds for federal jurisdiction against the new

defendant.  The Courts each concluded that where a plaintiff seeks to enforce a

judgment against a third party, there must be an independent ground for federal

jurisdiction aside from the court's inherent authority to enforce its judgments.  But cf.

Weininger v. Castro, 462 F. Supp. 2d 457 (S.D.N.Y. 2006) (finding subject matter

jurisdiction under the Terrorism Risk Insurance Act of 2002 in an action to recover

judgment from third party creditor of country liable in terrorism case).

     Similarly, in U.S.I. Properties Corp. v. M.D. Construction Co., the Court of

Appeals for the First Circuit, relying on Peacock, succinctly stated the rule that:

> where that postjudgment proceeding presents a new
> substantive theory to establish liability directly on the part of a
> new party, some independent ground is necessary to assume
> federal jurisdiction over the claim, since such a claim is no
> longer a mere continuation of the original action.

U.S.I. Properties, 230 F.3d 489, 498 (1st Cir. 2000).  The Court of Appeals

distinguished this situation from one where the plaintiff seeks merely to enforce a

judgment, in which the district court retains "residual jurisdiction."  Id.

     Precedent also draws a distinction between a party asserting a claim against a

third party for aiding and abetting the violation of a court order and a contempt

proceeding for analogous conduct.  In the latter proceeding, the court retains subject

matter jurisdiction pursuant to its authority to enforce its orders and judgments.  See

Reebok Int'l v. McLaughlin, 49 F.3d 1387, 1390 (9th Cir. 1995) (finding that district court

had subject matter jurisdiction to determine if its judgment had been violated);

Waffenschmidt, 763 F.2d 711.  In the former case, however, there is a need for

9

independent federal jurisdiction.  See Epperson, 242 F.3d at 104 (Action to establish

liability on a third party "must have its own source of federal jurisdiction, so that absent

an independent basis for federal jurisdiction a new defendant may not be haled into

federal court."); U.S.I. Properties, 230 F.3d at 498; cf. Eagle Traffic Control v. James

Julian, Inc., 933 F. Supp. 1251, 1255 (E.D. Pa. 1996) (distinguishing between aiding

and abetting cause of action to enforce judgment and contempt cause of action in

establishing personal jurisdiction).

      The Thirteenth Claim for relief is not merely a claim that the Court should enforce

its judgment in the TVR action.  Rather, plaintiff seeks to create liability under a new

theory against new defendants.  Accordingly, there must be an independent basis for

federal jurisdiction.  Lacking one, it cannot serve as the exercise of federal jurisdiction in

this case.

## III.   Jurisdiction "Arising Under" the Bankruptcy Code

      Plaintiff contends that this Court has jurisdiction insofar as this matter is related

to SkyView's bankruptcy proceeding pursuant to 28 U.S.C. § 1334 as to the Thirteenth

Claim and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 follows from that

grant of jurisdiction.

      Section 1334 provides:

> (a) Except as provided in subsection (b) of this section, the
> district courts shall have original and exclusive jurisdiction of all
> cases under title 11.
>
> (b) Except as provided in subsection (e)(2), and
> notwithstanding any Act of Congress that confers exclusive
> jurisdiction on a court or courts other than the district courts,
> the district courts shall have original but not exclusive
> jurisdiction of all civil proceedings arising under title 11, or

arising in or related to cases under title 11.

Section 1334(a) refers to the proceedings that follow the filing of a bankruptcy petition. Section 1334(b) refers to civil proceedings that relate to or arise from such bankruptcy cases.  See 1 Collier on Bankruptcy ¶ 3.01[3] (15th ed. 2008).  Subsection (a)'s grant of jurisdiction, being "original and exclusive" is to the exclusion of state courts, not other federal courts.  Id.

The grant of jurisdiction within subsection (b), on the other hand, allows this Court to entertain any action "arising under," "arising in" or "related to" a case under title 11.  Proceedings "related to" a case under title 11 include "(1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate."  Celotex Corp. v. Edwards, 514 U.S. 300, 308 n.5 (1995).  The Court of Appeals for the Second Circuit has stated that a proceeding is "related to" a case under title 11 where "its outcome might have any 'conceivable effect' on the bankrupt estate."  In re Cuyahoga Equip. Corp., 980 F.2d 110, 114 (2d Cir. 1992).

Where a case is brought pursuant to section 1334(b), there is no requirement that it be brought in the same court or same district in which the underlying bankruptcy case proceeded.  See, e.g., Owens-Illinois, Inc. v. Rapid Am. Corp. (In re Celotex Corp.), 124 F.3d 619 (4th Cir. 1997) (approving of West Virginia district court's jurisdiction over a case related to a Florida bankruptcy proceeding); In re Geauga Trenching Corp., 110 B.R. 638 (Bankr. E.D.N.Y. 1990) (hearing case related to bankruptcy proceeding in Florida).

Plaintiff asserts that this matter is related to SkyView's bankruptcy because if

11

plaintiff recovers from defendants, it affects plaintiff's obligations to make payments to Bank of America ("BofA"), a creditor of the SkyView estate.  Since the filing of the Amended Complaint in 2004, the SkyView bankruptcy trustee has abandoned the revenue stream from plaintiff based on plaintiff's purchase of SkyView's assets. Instead, that revenue stream has been routed to BofA.  Plaintiff contends that based on what plaintiff pays to BofA, SkyView's liabilities to BofA may be affected.  Such a chain reaction would, plaintiff holds, affect the bankruptcy estate and meet the standard of Cuyahoga Equip,

    The picture that plaintiff attempts to paint is not found in the Amended Complaint.  To the extent that the Amended Complaint relies upon the SkyView bankruptcy at all, it is only to provide background on the source of plaintiff's ownership of the relevant assets and to establish how defendants allegedly acquired the information that the plaintiff claim was used to commit various torts.  The Amended Complaint, therefore, does not contain factual allegations that "raise a right to relief above the speculative level."  Bell Atl. Corp., 127 S. Ct. at 1965.

    Plaintiff moves to amend its complaint to amend its jurisdiction statement to include 28 U.S.C. § 1334(b) as a basis for federal jurisdiction.  The Court will construe plaintiff's motion as one under rule 15 of the Federal Rules of Civil Procedure to amend the complaint.  A "party may amend the party's pleading only by leave of court or by written consent of the adverse party."  Fed. R. Civ. P. 15(a).  Leave to amend a complaint shall be freely given when justice so requires, and if the plaintiff has at least colorable grounds for relief, justice does so require unless plaintiff is guilty of undue delay or bad faith or unless permission to amend would unduly prejudice the opposing

12

party.  <u>S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Building 1 Hous. Dev. Fund Co., Inc.</u>, 608 F.2d 28, 42 (2d Cir. 1979).  Lack of diligence, futility and prejudice are among the good reasons to deny leave to amend.  <u>Chill v. Gen. Elec. Co.</u>, 101 F.3d 263, 271 (2d Cir. 1996).

## CONCLUSION

For the foregoing reasons and in the light of this case's long history before the Court and the preference to avoid the waste of resources should jurisdiction not properly lodge in this Court, plaintiff's motion to amend the jurisdictional statement (Doc. #116), construed as a motion to amend the complaint, is GRANTED.  Plaintiff is instructed to amend its complaint in accordance with the terms of this ruling within ten days from the filing of this ruling.  Should plaintiff fail to do so, the Court will grant defendant's motion to dismiss (Doc. #99) and the Clerk will be instructed to close this case.

Dated at Bridgeport, Connecticut, this 4th day of February, 2009.

_____/s/_____
Warren W. Eginton
Senior United States District Judge

13