UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUSSIAN MEDIA GROUP, LLC,<br>      Plaintiff, | :<br>:<br>: |
| v. | :    3:03-cv-1263 (WWE) |
| ECHOSTAR COMMUNICATIONS CORP.<br>AND KELLY BROADCASTING<br>SYSTEMS, INC.,<br>      Defendants. | :<br>:<br>:<br>:<br>: |

**MEMORANDUM OF DECISION ON
DEFENDANTS' RENEWED MOTION TO DISMISS**

Now pending before the Court is defendants' renewed motion to dismiss for lack of subject matter jurisdiction (Doc. #133), filed in response to plaintiff's Second Amended Complaint (Doc. #129). For the reasons that follow, defendants' motion to dismiss will be denied.

**BACKGROUND**

For purposes of ruling on a motion to dismiss, the Court accepts all allegations of the operative complaint as true.

**I.     Case Background**

The history of this case is set forth in the Court's previous ruling and will not be restated here, except as to events occurring since the Court's previous ruling.

On February 23, 2009, the Court issued a ruling denying defendants' motion to dismiss for lack of subject matter jurisdiction. In its ruling, the Court found that plaintiff's then-operative complaint – the first amended complaint – had failed to sufficiently establish federal jurisdiction over this case. Specifically, the Court found that

1

jurisdiction could not lie on the following grounds: (1) the initial basis for jurisdiction, 28 U.S.C. § 1332, was insufficient at the time because there was not diversity between the parties; (2) there was no jurisdiction based on this Court's enforcement of a bankruptcy court's order because plaintiff was asserting a new theory of liability against new defendants; and (3) the allegations of the first amended complaint were insufficient to create jurisdiction "arising under" the Bankruptcy Code.  With regard to this last point, the Court stated:

> The picture that plaintiff attempts to paint is not found in the Amended Complaint.  To the extent that the Amended Complaint relies upon the SkyView bankruptcy at all, it is only to provide background on the source of plaintiff's ownership of the relevant assets and to establish how defendants allegedly acquired the information that the plaintiff claim[s] was used to commit various torts.  The Amended Complaint, therefore, does not contain factual allegations that "raise a right to relief above the speculative level."

<u>Russian Media Group, LLC v. Echostar Communs. Corp.</u>, 2009 U.S. Dist. LEXIS 8800, *17 (D. Conn. Feb. 4, 2009).  In light of how long this case had been pending, however, the Court granted plaintiff's motion to amend the jurisdictional statement, which the Court had construed as a motion to amend the complaint to assert appropriate grounds for jurisdiction as discussed in plaintiff's opposition to defendants' motion to dismiss.  Plaintiff subsequently filed the Second Amended Complaint.

## II.     Allegations of the Second Amended Complaint

Plaintiff Russian Media Group, LLC ("RMG") is a limited liability company formed pursuant to the laws of the state of Connecticut.  It owns and operates a nationwide Russian-language television service.  RMG acquired the rights to operate its business by purchasing the assets of SkyView World Media, LLC, pursuant to a sale order

approved by the United States Bankruptcy Court for the District of New Jersey on July 26, 2000.

Defendant Echostar Communications Corp. ("Echostar") is a Delaware corporation with a principal place of business in Colorado. Kelly Broadcasting Systems, Inc. ("KBS") is a Delaware corporation with a principal place of business in New Jersey. It is a wholly-owned subsidiary of Echostar.

Prior to plaintiff's purchase of SkyView's assets, defendants unsuccessfully sought to purchase the assets in the bankruptcy case. In conjunction with the purchase process, each defendant was provided with confidential information about SkyView's operations and each entered into an asset purchase agreement with the bankruptcy trustee that was ultimately canceled. KBS also entered into an interim management agreement with the bankruptcy trustee and managed SkyView's assets and operations, gaining more confidential information about SkyView as a result. Both defendants entered into confidentiality agreements with the bankruptcy trustee. Pursuant to the terms of the Sale Order approving plaintiff's purchase of SkyView's assets, defendants were barred from making use of any of the confidential information obtained during the failed purchases. Specifically, the Sale Order provided that:

> 11. [N]one of the Trustee..., the Buyer, nor any creditor or any other person or entity shall take or cause to be taken any action which would interfere with the consummation of the Asset Purchase Agreement in accordance with the terms of this Order.

The Sale Order further provided:

> 12. The Court retains jurisdiction over all matters relating to the transactions contemplated in the Asset Purchase Agreement, including but not limited to all matters

>       relating to the Purchased Assets....
>
> 14. All parties who received confidential information with respect to the Debtors or their operations, whether as prospective bidders, contract counterparties or otherwise, must keep such information confidential and may not use such information for any purpose other than as permitted by their agreement with the Debtors (or the Trustee).  Either the Buyer or the Trustee [can] enforce such confidentiality provisions upon application to this Court.
>
> 20. KBS is hereby ordered and directed to transfer possession to the Buyer all property of the Debtors' estates in its possession or control which can be readily located on August 1, 2000, and the balance of such property on or before August 8, 2000.

RMG's first claim is that defendants have interfered with assets purchased from SkyView.  The second, third, fourth and fifth claims for relief are based on breaches of the Sale Order.  The sixth, seventh, eighth, ninth and eleventh claims relate to defendants' alleged-use of confidential information acquired during the failed purchase process.

Under the Asset Purchase Agreement, SkyView's bankruptcy estate is entitled to receive royalty payment from RMG when RMG reaches certain subscriber levels.  Therefore, at the time that RMG filed its first amended complaint, on March 9, 2004, the outcome of the claims in this action would potentially have had an effect on SkyView's bankruptcy estate.  In June 2007, the bankruptcy trustee transferred his right to control the revenue stream payments from plaintiff to the estate's principal secured creditor, Bank of America.  Both before and after this transfer, the revenue stream payments offset plaintiff's obligations to SkyView's estate and were, therefore, to the benefit of the estate.  The chief effect of the June 2007 transfer was to reduce the bankruptcy

trustee's ability to apply the revenue stream payments against other liabilities of the estate.

Plaintiff claims that defendants' violations of the Sale Order have adversely affected the bankruptcy estate by minimizing plaintiff's income to the financial detriment of SkyView's estate. Plaintiff further argues that defendants deprived plaintiff of revenues and equipment that have prevented plaintiff from expanding its business. In addition, plaintiff alleges that defendants have violated the confidentiality provisions of the Sale Order by knowingly using confidential information regarding SkyView and interfering with the assets purchased by plaintiff to further their own Russian-language television services. Plaintiff also claims that KBS has failed to deliver to plaintiff property purchased by plaintiff from SkyView, in violation of the Sale Order.

Plaintiff asserts that this Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1334(b), 1338(a) and (b) and 1367(a). Plaintiff's prayer for relief asks for, among other relief, compensatory damages and "such other relief as the Court deems equitable."

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief

above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009).

Defendants seek dismissal of this action on the grounds that the allegations of the Second Amended Complaint do not sufficiently support the exercise of federal jurisdiction, including jurisdiction under the Bankruptcy Code. They assert (1) that diversity no longer exists in this case under 28 U.S.C. § 1332; (2) that 28 U.S.C. § 1338, which creates federal jurisdiction over certain copyright actions, does not apply here; and (3) that this is not a case "arising in," "arising under" or "related to" a bankruptcy proceeding pursuant to 28 U.S.C. § 1334, and even if it were, this Court is not the proper venue for such a case. Plaintiff contends that this Court has jurisdiction, among other reasons, because once a court has jurisdiction over a case, it keeps that jurisdiction throughout the case.

## I. Effect of Court's Previous Ruling

In the previous ruling, the Court found that there was no grounds in the first amended complaint to establish jurisdiction. Because plaintiff's response to the motion to dismiss had laid out a framework that may have established jurisdiction, the Court permitted plaintiff to file an amended complaint that would establish jurisdiction. The Court did not intend to foreclose defendants from challenging the second amended complaint, nor is it proper to prohibit defendants from challenging a new basis for jurisdiction under rule 12(b)(1) of the Federal Rules of Civil Procedure. See Bielski v. Cabletron Sys. (in Re Cabletron Sys.), 311 F.3d 11, 22 n.2 (1st Cir. 2002); Ashcroft v.

Dep't of Corr., 2007 U.S. Dist. LEXIS 49079, *21-23 (W.D.N.Y. July 6, 2007). Further, because federal jurisdiction cannot be waived and the Court has a responsibility to determine that it exists, it would be improper to foreclose a rule 12(b)(1) challenge. Therefore, there is no procedural bar to defendants' renewed motion to dismiss.

**II.     Bankruptcy-Based Jurisdiction**

Defendants argue that there is no jurisdiction pursuant to 28 U.S.C. § 1334(b) because plaintiff's recovery of damages will not affect the SkyView estate and plaintiff cannot now seek to enforce the Sale Order, as such a demand is not included in the Second Amended Complaint.

As discussed in the Court's previous ruling, because jurisdiction is based on federal question jurisdiction, the Court looks only to the operative complaint – the one most-recently filed – to determine whether jurisdiction exists.[1]  See Russian Media Group, 2009 U.S. Dist. LEXIS 8800 at *7-11. Therefore, the operative date for determining whether there is jurisdiction is February 13, 2009, when the Second Amended Complaint was filed.

Jurisdiction under 28 U.S.C. § 1334(b)'s "related to" prong rests where the proceeding's outcome "could conceivably have any effect on the estate being

---

[1]     The Second Amended Complaint did more than merely change the asserted basis for jurisdiction. It also added facts upon which jurisdiction may lodge. Therefore, 28 U.S.C. § 1653 does not apply. See Advani Enters. v. Underwriters at Lloyds, 140 F.3d 157, 161 (2d Cir. 1998) ("[S]ection 1653, even liberally construed, does not allow a plaintiff to amend its complaint to substitute a new cause of action over which there is subject-matter jurisdiction for one in which there is not."). Further, the cases cited by plaintiff for the proposition that a defective jurisdictional statement may be cured are distinguishable. See, e.g., Auercchione v. Schoolman Trans. Sys., Inc., 426 F.3d 635, 639 (2d Cir. 2005) (finding that original complaint included allegations that established federal jurisdiction).

7

administered in bankruptcy." Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984); see also In re Cuyahoga Equip. Corp., 980 F.2d 110, 114 (2d Cir. 1996) (observing that the Second Circuit applies the Pacor test for "related to" jurisdiction). Under Pacor,

> [T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

Pacor, 743 F.2d at 994.

Counts one, two, three, four and five of the Second Amended Complaint assert that defendants interfered with plaintiff's purchases of SkyView's assets and that defendants violated the Sale Order by which plaintiff acquired these assets. For these torts, plaintiff seeks compensatory damages and "such other relief as the Court deems equitable." Plaintiff does not explicitly seek equitable or injunctive relief enforcing the Sale Order. This fact, defendants contend, demonstrates that plaintiff is asserting claims for a violation of the Sale Order to obtain damages only for itself. Plaintiff counters that it seeks equitable relief in its prayer for relief and that under the state law claims, it can obtain such equitable relief.

The third claim of the first amended complaint stated:

> Although, in conjunction with plaintiff's purchase of SkyView, defendant KBS was ordered by the United States Bankruptcy Court for the District of New Jersey to return to plaintiff all of the SkyView property in defendant's possession, defendant KBS knowingly and intentionally did not do so, but rather retained for its own use over $450,000.00 worth of property purchased by and belonging to plaintiff.

This statement was part of a claim for conversion.  The prayer for relief addressed to this count asked for damages, not equitable relief, although the complaint included a general prayer for relief requesting "such other relief as the Court deems appropriate."  This was the only claim premised on a violation of the Sale Order and only addressed it as providing background on the source on plaintiff's property interest.

The current complaint expands this allegation and uses it, and similar allegations, in the context of claims for violations of the Sale Order.  It is the first time that plaintiff has premised a cause of action on enforcing the Sale Order.

Certain allegations of the complaint seek to enforce the provisions of the Sale Order, specifically paragraphs 11, 14 and 20.  There is no dispute that defendants were parties-in-interest to the SkyView bankruptcy and were aware of those proceedings.  An action to enforce a provision of a bankruptcy court's sale order is a core proceeding under 28 U.S.C. § 157(b)(2)(N) and would thus provide the Court with jurisdiction under section 1334(b).  Jam. Shipping Co. v. Orient Shipping Rotterdam, B.V. (In re Millenium Seacarriers, Inc.), 458 F.3d 92, 95 (2d Cir. 2006) (finding that an order approving the sale of property constitutes core proceedings); Luan Inv. S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.), 304 F.3d 223, 230 (2d Cir. 2002) ("A bankruptcy court retains post-confirmation jurisdiction to interpret and enforce its own orders....").  As the Court observed in its previous ruling, this is true even when a second court is asked to enforce the order.  See Owens-Illinois, Inc. v. Rapid Am. Corp. (In re Celotex Corp.), 124 F.3d 619 (4th Cir. 1997); In re Geauga Trenching Corp., 110 B.R. 638 (Bankr. E.D.N.Y. 1990).

The Court in Petrie Retail noted that jurisdiction existed because (1) the dispute

between the non-debtor parties was based on rights established by the sale order, (2) orders approving the sale of property were core bankruptcy proceedings and (3) many of the rights associated with the property were established as part of the bankruptcy proceedings.  <u>Petrie Retail</u>, 304 F.3d at 229-30; <u>see also</u> <u>Liberian Int'l Ship & Corp. Registry, LLC v. Allfirst Bank (In re Millenium Seacarriers, Inc.)</u>, 2004 U.S. Dist. LEXIS 366 (S.D.N.Y. Jan. 12, 2004).  These factors are present here.  This dispute, or at least count two of the dispute, stems from rights established by the Sale Order, which was approved by the bankruptcy court in the bankruptcy proceedings.  Although <u>Petrie Retail</u> involved injunctive relief, not damages, the Court does not find this issue dispositive.  Whether plaintiff seeks to enforce the Sale Order through legal rather than equitable means does not affect the Court's jurisdiction.

Nor is this conclusion undermined by plaintiff's seeking relief on its own behalf. Count two seeks damages for a violation of the asset-turnover provision of paragraph 20 of the Sale Order.  As the intended beneficiary of the Sale Order, it may do so and have this Court exercise jurisdiction to do so.[2]  Further, plaintiff's effort to recover against defendants is not based on defendants' relationship with a creditor as was the case in <u>Peacock v. Thomas</u>, 516 U.S. 349 (1996).  Instead, plaintiff is seeking to enforce its rights under the Sale Order, which, under <u>Petrie Retail</u>, the Court has jurisdiction to do.  Finally, contrary to <u>Peacock</u> and related cases, plaintiff is seeking to

---

[2] In relying on count two of the complaint and not count one, the Court takes no position on the effect of the language of the Sale Order that "Either the Buyer or the Trustee [can] enforce such confidentiality provisions upon application to this Court" on whether this Court can exercise jurisdiction over disputes involving the confidentiality provision.

enforce rights that do not stem from an adversarial proceeding.  Defendants were parties-in-interest to the bankruptcy and had notice of it.  Therefore, plaintiff can enforce its rights under the Sale Order in this Court.

As a core proceeding, plaintiff is not limited by the <u>Pacor</u> test for establishing "related to" jurisdiction.  This action stems from a core proceeding and that is sufficient for establishing federal jurisdiction.

Because the Court possesses jurisdiction to enforce the terms of the Bankruptcy Court's Sale Order, there is jurisdiction under sections 1334(b) and 1367.  Defendants' motion to dismiss will be denied.

## CONCLUSION

For the foregoing reasons, defendants' renewed motion to dismiss (Doc. #133) is DENIED.

Dated at Bridgeport, Connecticut, this 19th day of November, 2009.

                    /s/
                  Warren W. Eginton
                  Senior United States District Judge